1

2          IN THE UNITED STATES DISTRICT COURT

3          FOR THE EASTERN DISTRICT OF CALIFORNIA

4

5

6

7

8

9   JUAN JOSE HERMOSILLO,

10          Plaintiff,                          CV F 05 1077 AWI WMW P

11      vs.                                     FINDINGS AND RECOMMENDATION

12

13   CORRECTIONAL CORP. OF AMERICA, et al.,

14          Defendants.

15

16

17

18

19

20          Plaintiff is a federal prisoner proceeding pro se in a civil rights action.

21          On August 23, 2005, the court sent plaintiff an order severing his claims and

22   directing him to file an amended complaint.  On September 2, 2005,  the order served on plaintiff

23   was returned by the U.S. Postal Service as undeliverable.

24          Pursuant to Local Rule 83-183(b), a party appearing in propria persona is required

25   to keep the court apprised of his or her current address at all times.  Local Rule 83-183(b)

26

1

1   provides, in pertinent part:

2

3          If mail directed to a plaintiff in propria persona by the Clerk is
            returned by the U.S. Postal Service, and if such plaintiff fails to
4          notify the Court and opposing parties within sixty (60) days
            thereafter of a current address, the Court may dismiss the action
5          without prejudice for failure to prosecute.

6   In the instant case, sixty days have passed since plaintiff's mail was returned and he has not

7   notified the court of a current address.

8          In determining whether to dismiss an action for lack of prosecution, the court

9   must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2)

10  the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public

11  policy favoring disposition of cases on their merits; and (5) the availability of less drastic

12  sanctions.  Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d

13  1439 (9th Cir. 1988).  The court finds that the public's interest in expeditiously resolving this

14  litigation and the court's interest in managing the docket weigh in favor of dismissal.  The court

15  cannot hold this case in abeyance indefinitely based on plaintiff's failure to notify the court of

16  his address.  The third factor, risk of prejudice to defendants, also weighs in favor of dismissal,

17  since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an

18  action.  Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public

19  policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in

20  favor of dismissal discussed herein.  Finally, given the court's inability to communicate with

21  plaintiff based on plaintiff's failure to keep the court apprised of his current address, no lesser

22  sanction is feasible.

23         Accordingly, the court HEREBY RECOMMENDS that this action be dismissed

24  for plaintiff's failure to prosecute.

25         These findings and recommendations are submitted to the United States District

26

2

1  Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within

2  thirty days after being served with these findings and recommendations, plaintiff may file written

3  objections with the court.  Such a document should be captioned "Objections to Magistrate

4  Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections

5  within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v.

6  Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

7  IT IS SO ORDERED.

8  **Dated:     November 2, 2005**                        _____/s/  **William M. Wunderlich**_____
   mmkd34                                    UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26