1
2
3
4
5
6
7                          IN THE UNITED STATES DISTRICT COURT

8                         FOR THE EASTERN DISTRICT OF CALIFORNIA

9
10
11   JUAN JOSE HERMOSILLO,

12                 Plaintiff,                    CV F 05 1077 AWI WMW P

13          vs.                                  ORDER DISMISSING COMPLAINT
                                                 WITH LEAVE TO AMEND
14
15
16   CALIF. CITY CORR. CENTER, et al.,

17                 Defendants.

18
19          Plaintiff is a federal prisoner proceeding pro se.  Plaintiff seeks relief pursuant to

20   Bivens v. Six Unknown Agents, 403 U.S. 388 (1971) and has requested leave to proceed in

     forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by
21
     Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).
22
            Plaintiff sets forth claims of unconstitutional conditions of confinement,
23
     retaliation, denial of access to the courts, religious discrimination, and violations of the Equal
24
     Protection Clause.  The amended complaint on which this action proceeds consists of
25
     generalized grievances.  Plaintiff does not, however, specifically charge each defendant with
26

                                                 1

1   conduct that constitutes a violation.

2          The court finds the allegations in plaintiff's complaint so vague and conclusory

3   that it is unable to determine whether the current action is frivolous or fails to state a claim for

4   relief. The court has determined that the complaint does not contain a short and plain statement

5   as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading

6   policy, a complaint must give fair notice and state the elements of the claim plainly and

7   succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff

8   must allege with at least some degree of particularity overt acts which defendants engaged in that

9   support plaintiff's claim.  Id.  Because plaintiff has failed to comply with the requirements of

10  Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to

11  file an amended complaint.

12         If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

13  conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

14  Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

15  how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

16  there is some affirmative link or connection between a defendant's actions and the claimed

17  deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.

18  1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

19         In addition, plaintiff is informed that the court cannot refer to a prior pleading in

20  order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an

21  amended complaint be complete in itself without reference to any prior pleading.  This is

22  because, as a  general rule, an amended complaint supersedes the original complaint.  See Loux

23  v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

24  pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

25  original complaint, each claim and the involvement of each defendant must be sufficiently

26

alleged.

        In accordance with the above, IT IS HEREBY ORDERED that:

        1.  Plaintiff's complaint is dismissed; and

        2.  Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint."    Failure to file an amended complaint will result in a recommendation that this action be dismissed.IT IS SO ORDERED.

Mmkd34**Dated:   February 9, 2007            /s/  William M. Wunderlich**
                                    UNITED STATES MAGISTRATE JUDGE